UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| WILLIAM CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-745 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| LARRY AVERY et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants T. Bashore and Larry Avery for failure to state a claim. The Court, however, finds that the complaint is not frivolous and states at least one cognizable claim against Defendants S. Ockert, T. Petersen and B. Angel.

**Discussion**

I.  Factual Allegations

Plaintiff is currently incarcerated at the Bellamy Creek Correctional Facility (IBC). In his *pro se* complaint, he sues the following IBC employees: Larry Avery, Case Manager; S. Ockert, Corrections Officer; T. Petersen, Corrections Officer; T. Bashore, Corrections Officer; and B. Angel, Corrections Officer, in their individual capacities. Plaintiff complains that Defendants retaliated against him for exercising, or threatening to exercise, his First Amendment right to file grievances.

On the morning of June 3, 2004, Plaintiff alleges that Defendant Ockert conducted a prisoner count in a threatening manner. Defendant Ockert "viciously" kicked Plaintiff's cell door, entered his cell and yelled at Plaintiff to show himself during the count, and then slammed his cell door shut. On his way to lunch, Plaintiff confronted Defendant Ockert regarding his conduct. Defendant Ockert stated "file a grievance." Plaintiff replied "that is what I will have to do." When Plaintiff returned from lunch, he found that prison staff confiscated his TV, "earbuds," and a magazine, as well as ransacked his personal possessions. None of Plaintiff's cellmate's possessions were disturbed. On June 4, Plaintiff filed a grievance (Grievance No. IBC-04-6-2271-17A) against Defendant Ockert because of his conduct during the prisoner count.

For his confiscated personal items, Plaintiff received a Michigan Department of Corrections (MDOC) Contraband Removal Record on June 4, which listed Defendant Petersen as the staff member who removed Plaintiff's TV, "earbuds," and magazine from his cell. Plaintiff then confronted Defendant Petersen regarding the MDOC Contraband Removal Record. Defendant Petersen responded "[y]ou're getting your T.V. back. Your property was taken to show you what

we can do when you threaten us with a grievance." Plaintiff filed Grievance No. IBC-04-6-2273-17I against Defendant Petersen and appealed it to Step III.

On the morning of June 12, 2004, Plaintiff alleges that Defendant Ockert threatened to place him on his "personal wait program" over the intercom. Under his "personal wait program," Defendant Ockert significantly delays or refuses to open a prisoner's cell door for meals, work details and emergencies. Later that day, prison staff refused to open Plaintiff's cell door for a prolonged period of time before lunch. Plaintiff filed Grievance No. IBC-04-6-2440-17I against Defendant Ockert and appealed it to Step III.

Plaintiff also alleges that Defendant Bashore retaliated against him by filing a false misconduct report. On November 21, 2004, prison staff tested the Inmate Request System. To test the Inmate Request System, the staff requires all inmates to push the Inmate Request buttons located in their cells. Several inmates, however, failed to comply after twenty-five minutes. Plaintiff complained to a few corrections officers about the testing of the system, including Defendant Bashore, because he was late to his work detail. Plaintiff also commented that he would be filing a grievance. *See* Exs. R-37 & R-39 to Compl. (Grievance No. IBC-04-11-4851-28B against Defendant Bashore for the "unprofessional" testing of the Inmate Request System). Later that day, Defendant Bashore allegedly filed a false misconduct report on Plaintiff for not making his bed. Plaintiff filed Grievance No. IBC-04-16-7301-27A against Defendant Bashore and appealed it to Step III for filing the false misconduct report.

On January 10, 2005, Plaintiff requested his institutional file from Defendant Avery to review for an upcoming parole hearing. He also informed Defendant Avery that he would need a work report from his work supervisor. Defendant Avery, however, refused both requests and

warned Plaintiff to stop filing grievances against the prison staff. Moreover, Plaintiff alleges that Defendant Avery retaliated by finding Plaintiff guilty of three misconduct violations in January, 2005, for no apparent reason. The MDOC Minor Misconduct Violation and Hearing Reports all list Defendant Avery as the hearing officer. *See* Exs. R-5 - R-7 to Compl. Plaintiff filed Grievance No. IBC-05-3-1198-27A against Defendant Avery and appealed it to Step III.

Finally, Plaintiff alleges retaliatory conduct by Defendant Angel. On April 26, 2005, Plaintiff arrived to work in the law library. Prior to entering the library, Defendant Angel performed a "shake-down" of Plaintiff and confiscated a greeting card, fourteen family photographs and five bookmarks because those items are not allowed in the library. Defendant Angel stated "[y]ou're the one who has been writing grievances on the kitchen staff and C/O's (corrections officers)." When Plaintiff received the MDOC Contraband Removal Record, however, it listed the confiscated items as one greeting card and ten photos. Plaintiff alleges that Defendant Angel refused to return the missing five bookmarks and four photos in retaliation for Plaintiff filing grievances against corrections officers. Plaintiff filed Grievance No. IBC-05-4-1727-17I against Defendant Angel and appealed it to Step III.

For relief, Plaintiff requests compensatory and punitive damages.

II.     Failure to state a claim[1]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a

---

[1] Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). Plaintiff has exhausted all available administrative remedies for his retaliation claims.

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). The filing of a prison grievance is constitutionally-protected conduct for which a prisoner cannot be retaliated against. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000).

### A. Defendant Bashore

Plaintiff's claim that he was convicted of a false, retaliatory misconduct written by Defendant Bashore is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff

claims that Defendant Bashore wrote a false misconduct against him in retaliation for exercising, or threatening to exercise, his First Amendment right to file grievances. The Supreme Court has held that a claim for declaratory relief and monetary damages that necessarily implies the invalidity of the punishment imposed, is not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges). S*ee also Muhammad v. Close*, 540 U.S. 749, 754-55 (2004) (holding that the *Heck-Edwards* bar applies to prison misconduct challenges only when good-time credits are implicated).

In *Muhammad*, 540 U.S. at 754-55, the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *See also Johnson v. Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004). In other words, *Edwards* still applies where a plaintiff has lost good-time as the result of the misconduct conviction. Under Michigan law, a prisoner loses good-time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated credits in cases. *Id.* Plaintiff does not assert that he did not forfeit good-time credit for the month of his conviction. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the misconduct report is received. MICH. COMP. LAWS § 791.254; Policy Directive 03.03.105, ¶ DDD. Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[2] Accordingly, because Plaintiff has not shown that his conviction has been invalidated, his claim is

---

[2] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened prison sentence" is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1).

not presently cognizable. He therefore fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

        B.     Defendant Avery

Plaintiff also claims that he was falsely convicted of three misconduct violations by Defendant Avery, who was the hearing officer for the three misconduct violations. As stated above, the Supreme Court has held that a claim for declaratory relief and monetary damages that necessarily implies the invalidity of the punishment imposed, is not cognizable under § 1983 until the conviction has been overturned. *Edwards*, 520 U.S. at 648. *See also Muhammad*, 540 U.S. at 754-55. Since Plaintiff's claim necessarily implies the invalidity of the deprivation of good-time credits for his misconduct violations, his claim is not presently cognizable until the convictions have been overturned. *See Wilkinson,* 125 S. Ct. at 1248.

        C.     Defendants Ockert, Petersen and Angel

This Court concludes that Plaintiff's complaint is not frivolous and states at least one cognizable claim against Defendants Ockert, Petersen and Angel.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action against Defendants T. Bashore and Larry Avery fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court will order service of the complaint against Defendants S. Ockert, T. Petersen and B. Angel.

An Order consistent with this Opinion will be entered.

Date:   November 30, 2005            /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                CHIEF UNITED STATES DISTRICT  JUDGE