UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CALDWELL#170451,

    Plaintiff,

v.                                                    Case No. 1:05-cv-745
                                                            HON. ROBERT HOLMES BELL

LARRY AVERY, et al.,

    Defendants.

_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On November 20, 2006, this court entered a judgment dismissing plaintiff's claims. Thereafter, defendants filed a motion to tax costs against plaintiff in the amount of $55.48. On December 20, 2006, this court issued an order requiring plaintiff to file a response to defendants' motion. Plaintiff elected not to file a response.

        The court finds that defendants' costs, including those sought under 28 U.S.C. § 1923(a), are authorized by statute and reasonable in nature and amount. *See Meador-Bey v. Jones*, No. 92-2379, 1993 WL 76228, at *1 (6th Cir.), *cert. denied*, 509 U.S. 913 (1993); *Berryman v. Epp*, 884 F. Supp. 242, 244-45 (E.D. Mich. 1995). Costs in the amount of $55.48 are therefore approved.

        The Prison Litigation Reform Act, Pub. L. No. 104-134 (1996), removes the court's discretion to order relief from taxed costs on the basis of a prisoner's indigence. Under the Act, costs should generally be awarded regardless of whether the inmate is indigent. *See* 28 U.S.C. § 1915(f)(2)(A); *Singleton v. Smith*, 241 F.3d 534, 539-40 (6th Cir. 2001). Defendants are entitled to an award of costs totaling $55.48.

A prisoner litigant against whom costs are taxed is now required to make an initial payment of costs equal to twenty percent of the greater of (a) the average monthly deposits to the prisoner's account, or (b) the average monthly balance in the prisoner's account over a six month period. 28 U.S.C. § 1915(a)(2), (f)(2)(B). After an initial payment, the prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the Michigan Attorney General's Office each time the amount in the account exceeds $10.00 until the costs are paid in full.

Plaintiff has failed to submit a certificate establishing prisoner account activity as ordered by this court. Accordingly, the court is unable to assess plaintiff's financial status. Therefore, the total costs of $55.48 shall be immediately payable by plaintiff to the Michigan Attorney General's Office. If plaintiff is financially incapable of paying the costs in full at the present time, plaintiff shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. The agency having custody of plaintiff shall forward payments from plaintiff's account to the Michigan Attorney General's Office each time the amount in the account exceeds $10.00 until the costs are paid in full.


Date:   March 28, 2007              /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE